Jaion Chung, Esq. (SBN 249772)
KAHANA & FELD LLP
550 South Hope Street, Suite 1600
Los Angeles, CA 90071
Tel: (213) 235-9912
Fax: (949) 245-7597
jchung@kahanafeld.com

Attorney for Defendant,
UNIVERSAL CITY STUDIOS LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| ANTONIO ABARCA, JR., an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSAL CITY STUDIOS LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No: 2:26-cv-12483<br>[Assigned to ____________________]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**<br><br>(Removed from Los Angeles County Superior Court Case No. 25NNCV09223)<br><br>(Diversity Jurisdiction; 28 U.S.C. §§ 1332, 1441, and 1446)<br><br>[Declarations of Andrew Eitingon and Jaion Chung; Notice of Interested Parties and Civil Cover Sheet filed concurrently herewith]<br><br>Complaint Filed: December 24, 2025<br>FAC Filed: May 14, 2026<br>Trial Date: September 28, 2027 |

**TO THE COURT, ALL INTERESTED PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant, UNIVERSAL CITY STUDIOS LLC ("Universal City Studios"), hereby removes the action entitled, *Antonio Abarca,*

*Jr. v. Universal City Studios LLC, et al.* from the Superior Court of the state of California for the County of Los Angeles (Case No. 25NNCV09223) to the United States District Court for the Central District of California, Western Division. Removal of this action is proper under 28 U.S.C. §§1332, 1441(b), and 1446 for the reasons set forth below.

## JURISDICTION

1. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court by Universal City Studios pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below.

2. On December 24, 2025, Plaintiff ANTONIO ABARCA, JR. ("Plaintiff") filed this action against Universal City Studios, COMCAST CORPORATION ("Comcast"), NBCUNIVERSAL, LLC ("NBCUniversal"), and DOES 1 through 50, inclusive, in the Superior Court of the State of California for the County of Los Angeles, Case No. 25NNCV09223 (the "State Court Action"). A true and correct copy of the Complaint is attached to the Declaration of Jaion Chung ("Chung Declaration") as **Exhibit "A."** The United States District Court for the Central District of California, Western Division, embraces the county in which the State Court Action is pending.

3. On December 29, 2025, Plaintiff served Universal City Studios the Summons, Complaint, Notice of Case Assignment, Civil Case Cover Sheet, and related case-management documents (collectively, "initial pleading packet"). A true and correct copy of the of the initial pleading packet is attached to the Chung Declaration as **Exhibit "B"** and a true and correct copy of the proof of service showing service of the initial pleading packet is attached as **Exhibit "C."**

4. The initial Complaint did not affirmatively establish the facts necessary

to ascertain removability based on diversity jurisdiction. In particular, the Complaint alleged Plaintiff's residence rather than his state citizenship and did not state a specific amount of damages sufficient to establish that the amount in controversy exceeded $75,000.00. *See* Chung Decl., Ex. A [Complaint].

5. On January 6, 2026, Universal City Studios initiated a meet-and-confer with Plaintiff's counsel concerning the proper parties and allegations in the Complaint. *See* Chung Decl., ¶ 6. Universal City Studios advised that it was the sole operator of Universal Studios Hollywood ("theme park") while Comcast was the ultimate parent company and NBCUniversal was a holding company. Neither Comcast nor NBCUniversal operated the theme park. *Id.* Accordingly, Universal City Studios requested dismissal of Comcast and NBCUniversal, as well as withdrawal of the gross-negligence cause of action and punitive-damages allegations. *Id.* On January 28, 2026, Counsel further discussed these issues by telephone. *Id.*, ¶ 7. Subsequently, Plaintiff's counsel agreed to dismiss Comcast and NBCUniversal, along with the gross-negligence cause of action and punitive-damages allegations. *Id.*, ¶ 7.

6. On February 20, 2026, Plaintiff dismissed Comcast and NBCUniversal from the State Court Action without prejudice. A true and correct copy of Plaintiff's dismissal of Comcast and NBCUniversal is attached to the Chung Declaration as **Exhibit "D."**

7. On May 14, 2026, Plaintiff filed a First Amended Complaint alleging causes of action for premises liability and negligence against Universal City Studios and DOES 1 through 50, inclusive. A true and correct copy of the First Amended Complaint is attached to the Chung Declaration as **Exhibit "E."**

8. On May 21, 2026, the Superior Court continued the Order to Show Cause regarding failure to file proof of service to September 1, 2026, and directed Plaintiff's counsel to file proof of service before that date. A true and correct copy of the May 21, 2026 Minute Order directing Plaintiff's counsel to file proof of

service is attached to the Chung Declaration as **Exhibit "F."**

9. On June 18, 2026, Plaintiff served Universal City Studios with the First Amended Complaint. *See* Chung Decl., **Ex. "G"** [First Amended Complaint Correspondence].

10. The First Amended Complaint likewise did not affirmatively establish the facts necessary to ascertain removability based on diversity jurisdiction. Although the First Amended Complaint alleged that Plaintiff was a resident of Chicago, Illinois at the time of the January 2, 2024 incident, it did not establish Plaintiff's citizenship or domicile when this action commenced. *See generally*, Chung Decl., Ex. E [First Amended Complaint]. Nor did it allege a specific amount of damages sufficient to establish that the amount in controversy exceeded $75,000.00. *Id*.

11. On July 17, 2026, Universal City Studios filed its Answer to Plaintiff's First Amended Complaint. A true and correct copy of Universal City Studios' Answer to the First Amended Complaint is attached to the Chung Declaration as **Exhibit "H."**

12. On July 23, 2026, Universal City Studios served Plaintiff with Form Interrogatories, Special Interrogatories, Requests for Admission, and Requests for Production of Documents, Set One, seeking information concerning, among other things, Plaintiff's residence, employment, claimed injuries, and damages. See Chung Decl., ¶ 15.

13. On August 6, 2026, Universal City Studios served Plaintiff with a Request for Statement of Damages to ascertain the amount of damages claimed in the action. See Chung Decl., ¶ 16.

14. Plaintiff's responses to Universal City Studios' Set One written discovery were originally due on August 25, 2026. Chung Decl., ¶ 17. At Plaintiff's counsel's request, Universal City Studios extended the deadline to September 26, 2026. *Id.* The extension also applied to the Request for Statement of Damages. *Id.*

15. On September 26, 2026, Plaintiff served unverified responses to Universal City Studios' Set One written discovery. Chung Decl., ¶ 18.

16. Plaintiff's discovery responses supplied additional facts bearing on his citizenship and domicile that were not established by the pleadings. In response to Form Interrogatory No. 2.5, Plaintiff identified a residence in Hammond, Indiana, as well as an address in Chicago, Illinois. *See* Chung Decl., ¶ 19; Ex. I, p. 85 [Response to Form Interrogatory No. 2.5]. He did not specify the dates he resided at either address. *See id*. [Response to Form Interrogatory No. 2.5]. Plaintiff also identified an Indiana-issued Class A driver's license held at the time of the incident. *See id*. [Response to Form Interrogatory No. 2.3]. He further identified his current and prior employers as all being based in Illinois. *See id*., p. 86 [Response to Form Interrogatory No. 2.6].

17. On September 26, 2026, Plaintiff also served a Statement of Damages stating that he seeks not less than $1,000,000.00 in general damages, $60,320.24 in past medical expenses, not less than $1,000,000.00 in future medical expenses, and additional amounts according to proof for past loss of earnings and loss of future earning capacity. Plaintiff states that the total damages sought, exclusive of amounts according to proof, are not less than $2,060,320.24. A true and correct copy of Plaintiff's Statement of Damages is attached to the Chung Declaration as **Exhibit "J."**

18. On September 28, 2026, Plaintiff served the executed verifications to those responses. A true and correct copies of Plaintiff's subsequently served verifications are attached to the Chung Declaration as **Exhibit "K."**

19. Plaintiff's September 28, 2026 verified discovery responses and Statement of Damages provided the information from which Universal City Studios could ascertain that the requirements for diversity jurisdiction were satisfied, including that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. This Notice of Removal, filed on October 26, 2026, is therefore timely

under 28 U.S.C. § 1446(b)(3), whether measured from Universal City Studios' receipt of Plaintiff's substantive discovery responses and Statement of Damages on September 26, 2026 or from receipt of Plaintiff's executed verifications on September 28, 2026.

20. Pursuant to 28 U.S.C. § 1446(a), Universal City Studios has included true and correct copies of all process, pleadings, and orders served upon it in the State Court Action. True and correct copies of those documents are attached to the Chung Declaration as **Exhibits "A" through "F" and "H."**

## REMOVAL IS TIMELY

21. Plaintiff's First Amended Complaint, served on Universal City Studios on June 18, 2026, set forth Plaintiff's claims for relief but did not quantify Plaintiff's alleged damages nor establish Plaintiff's citizenship. On September 26, 2026, Plaintiff served his Statement of Damages, which was the first paper quantifying the claim for relief set forth in the Complaint and establishing that the amount in controversy exceeds $75,000.00 pursuant to 28 U.S.C. § 1446(b)(3). *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-89 (2014); *see also Academy of Country Music v. Continental Cas. Co.*, 991 F.3d 1059, 1068-69 (9th Cir. 2021).

22. Plaintiff also verified his responses to Universal City Studios' written discovery on September 28, 2026, which supplied additional information bearing on Plaintiff's citizenship and domicile. Universal City Studios therefore possessed the requisite information, based on Plaintiff's discovery responses and Statement of Damages, to ascertain the grounds for removal based on diversity jurisdiction. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693-94 (9th Cir. 2005); *Kuxhausen v. BMW Fin'l Services NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013).

23. This Notice of Removal is filed within thirty days of Universal City Studios' receipt of Plaintiff's discovery responses and Statement of Damages, the papers from which removability could first be ascertained. 28 U.S.C. §§ 1446(b)(3);

*Durham v. Lockheed Martin Corp.,* 445 F.3d 1247, 1250 (9th Cir. 2006) (finding that the thirty-day period for removal begins to run when defendant receives a copy of a pleading or "other paper" started the thirty-day clock for removal).

24. This Notice of Removal is therefore timely.

**DIVERSITY OF CITIZENSHIP**

25. The state action is a civil action over which this Court has original diversity jurisdiction under 28 U.S.C. § 1332(a) for the following reasons:

26. Plaintiff's Citizenship. In the Ninth Circuit, the determination of an individual's citizenship involves a number of factors, including the individual's "current residence" and "place of employment." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *Martinez v. Michaels*, No. CV 15-02104 MMM, 2015 WL 4337059, at *4 (C.D. Cal. July 15, 2015) (citizenship requirement satisfied where plaintiff "currently live[d] in California and worked for [defendant] in California from 2006 until his termination"); *Christ v. Staples, Inc.*, No. CV 14-07784 MMM, 2015 WL 248075, at *3-4 (C.D. Cal. Jan. 20, 2015) (citizenship requirement satisfied where, inter alia, plaintiff "lived and worked in California for approximately fifteen years" ); *Carmax Auto Superstores Cal. LLC v. Hernandez*, 94 F.Supp.3d 1078, 1091 n.38 (C.D. Cal. 2015) ("Allegations that a party has an extensive and continuous period of residence and employment in a state are sufficient to establish that the party is a citizen of the state.").

27. Here, Plaintiff contends in his verified discovery responses that he currently resides in Hammond, Indiana and Chicago, Illinois. *See* Chung Decl., Ex. I, p. 85 [Response to Form Interrogatory No. 2.5]. Plaintiff also identified an Indiana-issued Class A driver's license held at the time of the incident. *Id*. [Response to Form Interrogatory No. 2.3]. Plaintiff currently works for Pure Freight in Franklin Park, Illinois. *See* Chung Decl., p. 86 [Response to Form Interrogatory No. 2.6]. For the five year period preceding the date of the alleged incident, Plaintiff contends he worked for various other companies located in Illinois. *Id*. [Response to Form

Interrogatory No. 2.6]. Based on Plaintiff's written discovery responses, Plaintiff is a citizen of Indiana and/or Illinois.

28. Defendant's Citizenship. A limited liability company ("LLC") is a citizen of every state of which its members are citizens. *See, e.g.*, *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We … join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); 28 U.S.C. § 1332(a). For diversity analysis, it is not relevant where an LLC is incorporated or where it has its principal place of business. *See, e.g.*, *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005); *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 352-53 (3rd Cir. 2013) (stating the activities of the LLC itself are not relevant to finding the "nerve center" of the LLC's members); *Alatorre v. Wastequip Mfg. Co., LLC*, 2012 WL 6628955, at *4 (E.D. Cal. December 19, 2012) ("LLC's citizenship is ... determined not by reference to its principal place of business and state of incorporation ... but by citizenship of its owners and members."). A party must "trace[ ] through however many layers of partners or members there may be" until the underlying party's citizenship is established. *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Johnson*, 437 F.3d at 899. Because "it is common for an LLC to be a member of another LLC ... citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).

29. For purposes of removal, diversity of citizenship is determined at the time the action is filed and at the time of removal. *See Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131-32 (9th Cir. 2002).

30. Defendant Universal City Studios was, at the time of filing this action, and is now, a limited liability company organized under the laws of the state of

Delaware. *See* Declaration of Andrew Eitingon filed concurrently herewith ("Eitingon Decl."), ¶ 5.

a. The sole member of Universal City Studios is VUE NewCo LLC, a limited liability company organized under the laws of the state of Delaware. Eitingon Decl., ¶ 6.

b. VUE NewCo LLC consists of two members: (1) USI Entertainment LLC and (2) Universal Studios Company LLC. Eitingon Decl., ¶ 7. Both entities are limited liability companies organized under the laws of the state of Delaware. *Id.*

c. The sole member of USI Entertainment LLC is Universal Studios Company LLC. Eitingon Decl., ¶ 8.

d. The sole member of Universal Studios Company LLC is NBCU Acquisition Sub LLC, a limited liability company organized under the laws of the state of Delaware. Eitingon Decl., ¶ 9.

e. The sole member of NBCU Acquisition Sub LLC is NBCUniversal Media, LLC, a limited liability company organized under the laws of the state of Delaware. Eitingon Decl., ¶ 10.

f. The sole member of NBCUniversal Media, LLC is NBCUniversal, LLC, a limited liability company organized under the laws of the state of Delaware. Eitingon Decl., ¶ 11.

g. The members of NBCUniversal, LLC are (i) Comcast CCW Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; (ii) Comcast Snap Holdings II, LLC, a limited liability company organized under the laws of the state of Delaware; (iii) Comcast Navy Acquisition, LLC, a limited liability company organized under the laws of the state of Delaware; (iv) Comcast CHC, LLC, a limited liability company organized under the laws of the state of Delaware; (v) Comcast Navy Contribution, LLC, a limited liability company organized under the laws of the state of Delaware; (vi) Comcast Navy Holdings,

LLC, a limited liability company organized under the laws of the state of Delaware; and (vii) Comcast Corporation, a corporation organized under the laws of the Commonwealth of Pennsylvania. Eitingon Decl., ¶ 12.

h. The members of Comcast CCW Holdings, LLC and Comcast Snap Holdings II, LLC are (i) Comcast Navy Acquisition, LLC and (ii) Comcast CHC, LLC. Eitingon Decl., ¶ 13.

i. The sole member of Comcast Navy Acquisition, LLC is Comcast Corporation. Eitingon Decl., ¶ 14.

j. Comcast Corporation is a corporation organized under the laws of the state of Pennsylvania. Its principal place of business, and the location from which the highest-level officers direct, control, and coordinate the corporation's activities, is located at its corporate headquarters in Philadelphia, Pennsylvania. All high-level corporate officers for Comcast Corporation have their offices located in Philadelphia, Pennsylvania, including the following: Chairman, President & Chief Executive Officer, Chief Operating Officer, Chief Financial Officer, Chief Information Officer, Chief Marketing Officer, Senior Executive Vice President, and the Executive Vice President & General Counsel. The majority of Comcast Corporation's corporate decisions are made in Philadelphia, Pennsylvania, including its operational, executive, administrative, and policy making decisions. The Officers listed above are responsible for the direction, control, and coordination of the activities covered by their respective offices. Comcast Corporation conducts the majority of its administrative functions such as payroll, legal, tax, benefits, and accounting at its corporate headquarters in Philadelphia, Pennsylvania. Moreover, the majority of the administrative functions crucial to Comcast Corporation's day-to-day operations are conducted in Philadelphia, Pennsylvania. Eitingon Decl., ¶ 15.

k. The members of Comcast Navy Contribution, LLC are (i) Comcast Holdings Corporation, a corporation organized under the laws of the state of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania;

(ii) Comcast Contribution Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; (iii) Comcast Spectacor Holding Company, LLC, a limited liability company organized under the laws of the state of Delaware; and (iv) Comcast CHC, LLC. Eitingon Decl., ¶ 16.

l. Comcast Corporation is the operating entity for Comcast Holdings Corporation, and all of its operational, executive, administrative, and policy-making functions, high level officers, and day-to-day operations are conducted at its corporate headquarters in Philadelphia, Pennsylvania, as detailed in subparagraph (j) above. Eitingon Decl., ¶ 17.

m. The sole member of Comcast Contribution Holdings, LLC is Comcast Corporation. Eitingon Decl., ¶ 18.

n. The sole member of Comcast Spectacor Holding Company, LLC is Comcast Holdings Corporation. Eitingon Decl., ¶ 19.

o. The sole member of Comcast CHC, LLC is Comcast Holdings Corporation. Eitingon Decl., ¶ 20.

p. The sole member of Comcast Navy Holdings, LLC is Comcast Corporation. Eitingon Decl., ¶ 21.

q. Based on the above, none of the entities within these structures is an Indiana citizen. Eitingon Decl., ¶ 22. Specifically, none of the corporations are incorporated in Indiana, and none of the corporations have their principal place of business in Indiana. *Id.* Further, none of the limited liability companies have members or partners who are Indiana citizens. *Id.*

r. Accordingly, for purposes of determining diversity, Defendant Universal City Studios – whose members are all organized under the laws of Delaware or Pennsylvania – is regarded as a citizen of Delaware and Pennsylvania.

31. Doe Defendants' Citizenship. Defendants Does 1 to 50 are fictitious. The Complaint does not set forth the identity or status of fictitious defendants 1 to 50. Thus, pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued

under fictitious names must be disregarded for purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

32. Universal City Studios is informed and believes, and thereon alleges, that none of the "Doe" Defendants has been identified or served with the Summons and/or Complaint in the State Court Action. *See* Chung Decl., ¶ 13.

33. Therefore, Plaintiff and Universal City Studios are citizens of different states, and this action may be removed by Universal City Studios to federal court pursuant to 28 U.S.C. § 1441.

## AMOUNT IN CONTROVERSY

34. The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of a defendant's liability. *See Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). The "relevant inquiry is not whether a recovery of more than $75,000.00 is likely but whether it is permissible under the applicable law." *See Sykes v. Cook Inc.*, 72 F.4th 195, 206 (7th Cir. 2023).

35. In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.2d 993, 1001 (C.D. Cal. 2002). The Court must consider all recoverable damages, including liquidated damages, punitive damages, and attorneys' fees authorized by statute. *See Kroske v. US Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005). The Court may consider affidavits and other evidence beyond the Complaint to determine the amount in controversy. *See McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 844-45 (7th Cir. 2009); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-89 (2014); *see also Academy of Country Music v. Continental Cas. Co.*, 991 F.3d 1059, 1068-69 (9th Cir. 2021).

36. Defendant's notice of removal only needs to include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 87-89. The standard for determining whether a defendant meets its burden of establishing the amount in controversy is by a preponderance of the evidence. *See Cagle v. C&S Wholesale Grocers, Inc.,* 2014 WL 651923, at *5 (E.D. Cal. Feb. 19, 2014). Under this standard, "the removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Behrazfar v. Unisys Corp.*, 687 F. Supp.2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp.2d 1199, 1204-05 (E.D. Cal. 2008)). When a "[d]efendant's calculations [are] relatively conservative, made in good faith, and based on evidence wherever possible," the court may find that the "[d]efendant has established by a preponderance of the evidence that the amount in controversy" is met. *Id.* (internal citations omitted). While parties "need not make extrapolations or engage in guesswork," defendants seeking to remove a case must "apply a reasonable amount of intelligence in ascertaining removability." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (internal quotations omitted).

37. Here, Universal City Studios can reasonably ascertain from Plaintiff's Statement of Damages that the amount in controversy exceeds $75,000.00. Without admitting the validity of Plaintiff's two (2) causes of action (both of which are expressly denied by Universal City Studios), the amount in controversy is in excess of $75,000.00, exclusive of interest and costs. Universal City Studios meets its burden based on the following:

38. <u>Special Damages:</u> Per his Statement of Damages, Plaintiff is seeking special damages, including $60,320.24 in past medical expenses and not less than $1,000,000.00 in future medical expenses. *See* Chung Decl., Ex. J, pp. 90–91 [Statement of Damages]. Accordingly, Plaintiff seeks special damages in an amount

of at least $1,060,320.24, exclusive of his claims for past loss of earnings and loss of future earning capacity according to proof. *See* Chung Decl., Ex. J, p. 90–91 [Statement of Damages].

39. General Damages: Per his Statement of Damages, Plaintiff is seeking not less than $1,000,000.00 for past and future "pain, suffering, inconvenience, physical impairment, emotional distress, and loss of enjoyment of life." *See* Chung Decl., Ex. J, p. 90 [Statement of Damages].

40. While Universal City Studios denies that Plaintiff's claims have any merit and that Plaintiff suffered any damages, when the relief sought (i.e., past medical expenses, future medical expenses, and general damages) is taken as a whole, the amount in controversy for Plaintiff's claims exceeds the $75,000.00 jurisdiction requirement, exclusive of interest and costs.

41. Based upon the foregoing, the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000.00. Accordingly, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed to this Court by Universal City Studios pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction.

## VENUE

42. Removal to this Court is proper because this District includes the County where the state action is pending.

43. By filing this Notice of Removal, Universal City Studios does not intend to waive, and hereby reserves, any objection as to personal jurisdiction, and all other defenses.

44. This Notice of Removal is being served on Plaintiff's counsel on this date. Universal City Studios will promptly file a copy of this Notice of Removal with the Clerk of Superior Court of the state of California for the County of Los Angeles.

///

///

45. This removal is brought by all defendants who have been properly joined and served. 28 U.S.C. § 1446(b)(2)(A).

DATED: October 26, 2026

KAHANA & FELD LLP

By: ______________________________

Jaion Chung, Esq.
Attorney for Defendant,
UNIVERSAL CITY STUDIOS LLC

## CERTIFICATE OF SERVICE

(F.R.Civ.P. Rule 5(b); U.S.D.C., C.D. Cal., L.R. 5-3)

***Antonio Abarca, Jr. v. Universal City Studios LLC***
United States District Court Case No.

I am employed in the County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is KAHANA & FELD LLP, 2603 Main Street, Suite 900, Irvine, CA 92614, and my email address is jmassey@kahanafeld.com.

On October 26, 2026, I served the foregoing document described as:

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(B)**

on the interested parties in said action as follows:

**SEE ATTACHED SERVICE LIST**

☒ By Mail [Federal]: I served a true copy of the above referenced document(s) by enclosing said document(s) in a sealed envelope or package addressed to the party(ies) listed in the attached service list and placing such envelope or package with postage thereon fully prepaid in the United States mail at Irvine, California.

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed below

☒ I caused said document(s) to be transmitted by email to each addressee set forth below on this date. The transmission of this document was complete and without error.

☐ By Overnight Mail: I caused such envelope to be delivered via overnight delivery to the party(ies) listed in the attached service list.

Executed on October 26, 2026, at Timonium, Maryland.

☒ [Federal] I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

______________________________
Jordan Massey

**SERVICE LIST**

***Antonio Abarca, Jr. v. Universal City Studios LLC***
United States District Court Case No.

Kathy Lerner, Esq.
KL LAW FIRM P.C.
16501 Ventura Blvd., Suite 400
Encino, California 91436
kathy@kllawfirmpc.com

***Attorney for Plaintiff,***
***ANTONIO ABARCA, JR.***